UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA and
STATE OF ARKANSAS                                                                                       PLAINTIFFS

v.                                               No. 2:14-CV-02266

CITY OF FORT SMITH, ARKANSAS                                                                   DEFENDANT

**OPINION AND ORDER**

Before the Court is Defendant City of Fort Smith's ("The City") motion (Doc. 46) seeking clarification of the Court's March 19, 2021 opinion and order (Doc. 45). The City has also filed a brief (Doc. 47) in support. Plaintiff, the United States of America ("The United States"), filed a response (Doc. 48) in opposition. The City filed a reply (Doc. 49) without leave of Court. At this stage of continued judicial resolution concerning the interpretation of Paragraph 18, the burden remains on the City to demonstrate "that its position complies with [the] Consent Decree and better furthers the Objectives of the Consent Decree." (Doc. 12, p. 103).

Despite its earlier motion (Doc. 27) arguing the contrary, the City now agrees that all Grade 4 and 5 manholes and sewer lines must be included in the Remedial Measures Plan. The City's motion for clarification asks the Court to determine whether "Monitoring or Maintenance Analysis: performed as part of [Capacity, Management, Operation and Maintenance ("CMOM")]," which is listed as a possible solution and technique in Appendix D (Doc. 12, p. 134), is an allowable remedy for Grade 4 and 5 manholes and gravity sewer lines. The United States contests this interpretation and asserts that Grade 4 and 5 manholes and gravity sewer lines must be remediated without reference to Appendix D.

Appendix A details the Sanitary Sewer Assessment ("SSA") Process used in the Consent Decree to categorize manholes and gravity sewer lines. (Doc. 12, pp. 124-26). Each assessment

1

table grades the manhole or sewer line based on its structural condition, and a likely outcome is recommended based on grade. The likely outcome for Grade 4 and 5 manholes and gravity sewer lines is "Remedial Design," while the likely outcome for Grade 1, 2, and 3 manholes and gravity sewer lines is "Add into CMOM program." *Id.* The Appendix D decision tree also ends in two outcomes: CMOM or Remedial Measure Alternative Analysis ("RMAA"). (Doc. 12, p. 134). Defects must meet two requirements to be added to the CMOM program: 1. there are no known or model predicted sanitary sewer overflows ("SSOs") from the defect; and 2. the defect is not likely to cause or contribute to future SSOs. A defect that fails either prong of this test must be included in the RMAA.

Paragraphs 17 and 18 of the Consent Decree explain the procedure for implementing condition remedial measures. (Doc. 12, pp. 25-27). Paragraph 17 covers remedial measures for defects located in Basin 12, while Paragraph 18 concerns defects located in the rest of the basins and sub-basins identified in Appendix C. The SSA grading had been completed in Basin 12 prior to the entry of the Consent Decree, and Paragraph 17 is clear that "[t]he City shall remediate all defects in Basin 12 ranked 4 or 5." (Doc. 12, p. 25). Because the SSA Process had not been completed for any basins and sub-basins except Basin 12 before the Consent Decree was entered, Paragraph 18 requires the City to first conduct the SSA Process and identify the defects that must be remediated based on grade and SSO activity. Once the defects in these basins and sub-basins are identified and ranked, Paragraph 18 requires Grade 4 and 5 defects be added to the Remedial Measures Plan, along with lower-graded defects required by the decision tree in Appendix D. The City argues that the differences in the two paragraphs indicate that Grade 4 and 5 defects are to be treated differently outside of Basin 12. This interpretation is not supported by the Consent Decree. Any differences between Paragraphs 17 and 18 reflect the simple fact that defects outside of Basin

12 had not been graded at the time the Consent Decree was entered.  The City does not provide any explanation for why the Consent Decree would remediate the most grievous defects in Basin 12 but only monitor and maintain these same defects for every other basin and sub-basin.

To the extent there is any ambiguity in the terms of the Consent Decree regarding the treatment of Grade 4 and 5 manholes and sewer lines, the Court resolves it as follows: all Grade 4 and 5 manholes and sewer lines must be addressed by remedial measures, which are clearly defined in the Consent Decree as active measures to "resolv[e] condition deficiencies and/or capacity deficiencies," rather than just passively monitor them.  (Doc. 12, p. 18).  In short, Grade 4 and 5 manholes and gravity sewer lines—suffering from condition deficiencies by definition—must be repaired or replaced.  This interpretation complies with the Consent Decree and better furthers its stated objective of "eliminating all SSOs."  (Doc. 12, p. 9).  Grade 4 and 5 manholes and sewer lines have already failed or are likely to fail, thereby contributing to continuing SSOs.  The City's interpretation would render Appendix D redundant because any defect properly sorted into RMAA could instead be moved to CMOM, avoiding the RMAA's requirement that the City must "determine which solution is most likely to *resolve* the structural defect."  (Doc. 12, p. 134) (emphasis added).  The Consent Decree requires the City to resolve the defects in Grade 4 and 5 manholes and sewer lines, and this cannot be accomplished solely by monitoring and maintenance analysis.

IT IS THEREFORE ORDERED that Defendant's motion (Doc. 46) seeking clarification is resolved as stated herein.

IT IS SO ORDERED this 30th day of April, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE

3